IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITUS HILL, )<br>          Plaintiff(s), )<br>   vs. )<br>JAMIE WOODS, )<br>          Defendant(s). ) | No. C 08-4222 CRB (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that, on October 29, 2007, Officer Jamie Woods used excessive force while arresting him. Plaintiff does not allege specify the law enforcement agency for which Woods works.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

An allegation of use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under § 1983.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989).  In order to proceed with a § 1983 claim for damages against Officer Woods, plaintiff must allege for which law enforcement agency Woods works, however.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:   Dec. 18, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Hill, T1.dwlta.wpd

2